## No. 428.

*In re* MRS. PAUL LAGAY, AN INTERDICT.

ON RULE OF PAUL LAGAY, CURATOR, *v.* ABRAHAM REINACH.

Where a tutor, or under tutor; a curator, or under curator, removes from this State, his office becomes *ipso facto* vacant. In such cases, no formal proceeding and judgment of removal is necessary, and the Judge may immediately appoint a successor.

*Appeal from Civil District Court, Division B. Houston, J.*

*W. S. Benedict* for plaintiff, appellee.

*E. T. Florance* for defendant, appellant.

Kelly, J.—This is an incidental proceeding in the matter of the interdiction of Mrs. Paul Lagay, which has come before this Court on appeal, upon an agreed statement of facts, as follows: "In this matter it is admitted that Paul Lagay was duly appointed curator, and F. E. Trepagnier under curator of the interdict and duly qualified as such.

"It is further admitted that on the 7th of December, 1885, in an *ex- parte* petition of the curator, based upon affidavit, the Court was informed that the under curator had permanently left the State, and that it was necessary that some person be appointed in his place and stead. The Court thereupon, without notice to said Trepagnier, or contradictory proceeding of any kind, appointed J. E. Brou as under tutor, to take the place of F. E. Trepagnier, and said Brou duly qualified.

"It is further admitted that an order of sale issued, based upon the recommendations of a family meeting to pay debts of the interdict. That the same was regular in all respects, except in so far as its legality may be affected by the fact that said J. E. Brou was present at the deliberations and gave his assent thereto, and said F. E. Trepagnier was not present thereat and did not assent thereto.

"It is further admitted that Abraham Reinach was the last and highest bidder for the property at public sale made under an order of the Court aforesaid, and refused to comply with the adjudication for the reasons set forth in his answer to the rule to comply with said bid, and that upon the trial of said rule the same was made absolute and the said Reinach was ordered to accept the title and pay the price of adjudication. From said judgment said Reinach prosecutes this appeal. The value of the property is nineteen hundred dollars." To this agreed statement of facts, which is signed by the attorneys of the parties, plaintiff and defendant in rule, the learned Judge of the District Court, having cognizance of the cause, has added the statement that: "The adjudicatee, Reinach, did not show or attempt to show that F. E. Trepagnier had not left the State permanently, as stated in the affidavit of date of 7th December, 1885."

The answer of Reinach to the rule upon him, referred to in the agreed statement of the parties, sets forth, "that he refuses to comply with the terms of the adjudication referred to in said rule, because mover has not tendered defendant in rule a good title to the property adjudicated. That the title tendered is insufficient on its face in this, that the under curator of the interdict, whose property was adjudicated, was not present at the family meeting that advised the sale of said property, and also for other reasons patent on the face of the record." No other error has been suggested on behalf of the appellant upon the appeal than that the appointment and qualification under the circumstances above set forth, of J. E. Brou, as under curator of the interdict *vice* F. E. Trepagnier, upon the ground of the permanent removal of the latter from the State, were absolute nullities, and affected with like nullity the proceedings of the family meeting which recommended the sale, in which proceedings J. E. Brou took part as under curator   It is not pretended that the Court, which appointed him, was not vested with full jurisdiction of the interdiction proceedings in which the appointment was made, and over the person and estate of the party interdicted; but it is contended that there was an entire defect of power in the Court to make appointment of another under curator, instead of one alleged to have left the State permanently, except in a proceeding had contradictorily with the alleged absentee or with a curator *ad hoc* of the absent under curator, appointed by the Court to represent him in such contradictory proceeding.

We do not understand such to be the requirement of the law. Appointments of curators and under curators of interdicted persons are made according to the same forms as appointments of tutors and under tutors of minors, and it is the duty of the under curator to act for the interdicted person whenever the interest of the interdicted person is in opposition to the interest of the curator; the under curator cannot be a member of a family meeting, but must be present for the purpose of advising, and when he is of opinion that the determination of the family meeting is injurious to the interest of the interdicted person, it

shall be his duty to oppose the homologation of the proceedings the curatorship shall not devolve upon the under curator when the same shall become vacant, but when it shall become necessary to appoint another curator, it shall be the duty of the under curator to cause such appointment to be made, and in general, under curators are to perform all the duties required of under tutors, and shall be subject to the same responsibilities. Rev. C. C. Arts. 405 to 410. Manifestly, the functions of under curator of an interdicted person cannot be performed by one residing permanently out of the State. An under curator acquires by virtue of his appointment as such no right or interest whatever personal to himself, liable to be prejudiced in anywise by the appointment by the Court, in a proceeding not had contradictorily with him, or with any one appointed by the Court to represent him, to discharge the functions on behalf of the interdict, which, by reason of removal from the State, can no longer be performed by him ; nor is it perceived how in such case the interest of the person under interdiction, one of the class of unfortunates entitled in their persons and estates to the most jealous supervision and guardianship of the Courts, would in anywise be subserved by a requirement that, in the event of the permanent departure from the State of his under curator, no appointment of another, residing in the State, to be under curator in his stead, should be made by the Court, charged with the supervision and control of the person and estate of the interdict, except in a proceeding had contradictorily with such absentee, or with a curator *ad hoc* appointed by the Court to represent him.

At a very early stage of the jurisprudence of the State, in 1827, it was held in Robins vs. Weeks, 5 N. S. 379, that all tutors, other than by nature, were deprived of their tutorship, *ipso facto*, by removal from the State.

In the Succession of Bookter, 18 La. An. 158, a family meeting had recommended the appointment of William Duncan as tutor of minors, and the homologation of the proceedings of the meeting was opposed by D. A. Watterson, on the ground that they were premature and illegal, as no judgment had been rendered

removing him, Watterson, from the tutorship, and he was, there-fore, still the tutor of the minors.

"The first ground of opposition," said the Court, "would have been valid, as no judgment had been rendered against Watterson removing him from the tutorship, if it were not true that he had permanently removed from the State of Louisiana.

"By his leaving the State and by his making his residence in the District of Columbia, he ceased to be tutor of the minors as much so as if he had ceased to exist. There was no need of a judgment removing him from the tutorship."

The Civil Code, in Arts. 303 and 304, enumerate certain grounds of exclusion or removal of persons from tutorships, among which removal from the State is not mentioned. In a following Article 306, it is declared that "all the causes of inca-pacity, exclusion and removal, mentioned above, apply likewise to the under tutor, except, etc." By Art. 314 (298), which follows these, it is declared that "if the tutor shall die or absent himself from the State after his appointment, another tutor shall be appointed in his stead by the Judge." By this Article, death or removal from the State are alike operative to vacate the office of tutor; but it is argued on behalf of the appellant, that as this Article comes after and not before Article 306, it is to be limited in its application to the office of tutor, and cannot be held to apply to that of under tutor, or of under curator in a matter of interdiction. The *reason* of the rule manifestly extends as well to under tutors and under curators as to tutors or cura-tors, and to limit the operation of the principle by the narrow, literal construction contended for, would tend to defeat the main intent of the law in respect of the surveillance to be exercised by the Courts over the persons and estates of the interdicted, as well through under curators as through curators. All of the law is not to be found in the mere letter—*qui hæret in litera, hæret in cortice*—but much of it lies in the general spirit, intent and pur-view of its enactments. And to ascertain the scope and extent

of the purview of the law, it is to be understoood and adminis-tered in conformity to the maxim *ubi eadem ratio, ibi idem jus.* In the words of Coke, "Reason is the life of the law; *ratio est anima legis;* for then we are said to apprehend the law when we know the reasons of the law." We consider it in accordance with the reason of the law of Louisiana and within its spirit, intent and meaning, to hold that an under curator of an inter-dicted person, who removes permanently from the State becomes *ipso facto* divested of the office, and that no formal judgment of removal is contemplated or required by law, in such case, to be rendered in a proceeding to be had contradictorily with the absent under curator, or a *curator ad hoc* of such under curator; but that the law contemplates and intends that, in such case, such proceedings may be had as were had in this case.

The judgment appealed from is therefore affirmed at appellant's costs.